report because plaintiff informed defendant that he had a right to free speech and a right to associate with his law clerks was in retaliation in violation of the First Amendment to the United States Constitution.

COUNT VII

(ACCESS TO THE COURT)
(FOURTEENTH AMENDMENT)

54. Plaintiff repeats the allegations in paragraphs 1-41 as if fully set forth herein.

55. Defendant's actions in telling plaintiff that he could not obtain a United States Supreme Court Reporter from another part of the law library interferes with plaintiff's rights to access to the courts and violates the "Due Process Clause" of the Fourteenth Amendment to the United States Constitution.

COUNT VIII

(ACCESS TO THE COURTS)
(FOURTEENTH AMENDMENT)

56. Plaintiff repeats the allegations in paragraphs 1-41 as if fully set forth herein.

57. Defendant's actions in telling plaintiff everytime he is in the law library and no matter where he is in the law library to move his legal materials to another table interferes with plaintiff's right to access to

-22-

the courts and violates "Due Process Clause" of the Fourteenth Amendment to the United States Constitution.

## COUNT IX
### (HARASSMENT)

58. Plaintiff repeats the allegations in paragraphs 1-41 as if fully set forth herein.

59. Defendant's actions and campaign of harassment for plaintiff's exercise of his constitutionally protected rights to free speech and to association violates the First Amendment to the United States Constitution.

## COUNT X
### (CIVIL RIGHTS)

60. Plaintiff repeats the allegations in paragraphs 1-41 as if fully set forth herein.

61. Defendant's actions in interfering with plaintiff's constitutionally protected rights to free speech and to association violates plaintiff's civil rights to be free from oppressive governmental action under 42 U.S.C. §1983.

WHEREFORE, plaintiff respectfully request that this Court:

-24-

>Respectfully submitted
>by the Plaintiff,
>
>*William R Mitchell, pro-se*
>William R. Mitchell, pro-se
>P.O. Box 43
>Norfolk, MA 02056

Dated: September 28, 2004

VERIFICATION

  Pursuant to 28 U.S.C. §1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 28, 2004.

>*William R Mitchell*
>William R. Mitchell

#04-09

NORFOLK I.G.O.
JAN 27 2004
RECEIVED

ATTACHMENT "A"

## DEPARTMENT OF CORRECTION
## INMATE GRIEVANCE FORM
### FORWARD TO THE INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

**SECTION "A"**

NORFOLK I.G.O.

JAN 27 2004

RECEIVED

#04-09

ATTACHMENT "A"

DEPARTMENT OF CORRECTION
INMATE GRIEVANCE FORM
FORWARD TO THE INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

SECTION "A"

NAME: William R. Mitchell    INSTITUTION: MCI-Norfolk

NUMBER: W-51474    HOUSING UNIT: 2-1    DATE OF INCIDENT: 9, 2003; 1/14/04; 1/15/2004.

COMPLAINT: On September, 2003, I was in the [illegible]

#04-09

NORFOLK I.G.O.

JAN 27 2004

RECEIVED

ATTACHMENT "A"

DEPARTMENT OF CORRECTION
INMATE GRIEVANCE FORM
FORWARD TO THE INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

SECTION "A"

NAME: William R. Mitchell      INSTITUTION: MCI-Norfolk

NUMBER: W-51474    HOUSING UNIT: 2-1    DATE OF INCIDENT: 9, 2003; 1/14/04; 1/15/2004.

COMPLAINT: On September, 2003, I was in the law library researching my case. I went to the Supreme Court decisions to get a law book, and Mr. Mongelli came out of his office and said, "get out of the corner", there was another inmate standing next to me, and I said to Mr. Mongelli that I was getting a law book, and he said" no your not, and
(ATTACH ADDITIONAL PAGE IF NECESSARY) See, page Two, attached.

REMEDY REQUESTED: I am requesting monetary and punitive damages for the violations stated herein, and to enjoin the law librarian from interfering, harassing, and impeding my ability to access to the courts.

INMATE SIGNATURE: William R Mitchell    DATE: January 22, 2004

STAFF RECIPIENT: Richard S. Christiansen Jr    DATE: 1/27/04

DATE RECEIVED: 1/27/04

SECTION "B"

ASSIGNED GRIEVANCE NUMBER: #04-09

DECISION RENDERED:    ___ APPROVED
                      ✓ DENIED

SUMMARY OF FINDINGS:

_See Attached_

IGC SIGNATURE: Richard S. Christiansen Jr.    DATE: 3/18/04
(DENIED GRIEVANCES MAY BE APPEALED TO THE SUPERINTENDENT WITH 10 DAYS OF IGC'S DECISION.)



William R. Mitchell
January  , 2004
page Two


... get out of the corner like I said. I don't know why he said this to me because all I was doing was researching case law for a "Petition For Writ Of Habeas Corpus". This is not the first time Mr. Mongelli told me to either sit down or get out of the Law Library.

On January 14, 2004, I was in the Law Library at the 9:30 movement. A friend of mine came over to me and asked me for some help. He wanted to know about certain jury instructions in his criminal case. I had a law book in my hand talking with my friend, and Mr. Mongelli came out of his office and said, "are you going to keep talking or are you going to research." I told Mr. Mongelli that is what I am doing, I am researching the law, and talking to my friend about the law and how it applies to his case. Mr. Mongelli did not want to hear this. My friend did not want any trouble with Mr. Mongelli, so he ended up leaving at the 10:30 movement, and I did too. I wanted to stay until the 11:30 movement like I always do, but I was afraid that Mr. Mongelli would say something to me and interrupt, and impede my ability to research, and I was afraid to talk with someone in fear that he would come out of his office and scream at me in front of other inmates.

On January 15, 2004, I was in the Law Library at the 9:30 movement. I was researching the case law for my Petition, and at the same time I was talking to the law Clerk about certain cases that relate to my case. It was arounf 10:25, just before movement, when Mr. Mongelli stuck his head out of his office and yelled to me to "shut-up, and that he was not going to listen to me everyday." I said to Mr. Mongelli that I have a 1st Amendment to right to "free speech". Mr. Mongelli became very upset and he called me into his office. He started to yell at me like I was a little kid. I said all I was talking about was how cold it was outside because I was ready to leave. He said that he did not care and that I will not talk in the law library.

I said that I was researching my case, he did not want to hear this, and I said that he was then denying my access to the courts. Mr. Mongelli became even more angry and he said, "do you want to go there". I said no, and that I did not want to argue with him, he said that we were not arguing, but you are listening to me. I said I was only talking to the law clerk, and he said that I cannot talk to the law clerk's. He told me to leave. Mr. Mongelli then called his law clerk into his office and started to scream at him, and told him that he cannot talk to me.

William R. Mitchell
January   , 2004
page Three

   Upon leaving the law libraary at the 10:30 movement, I went to get my I.D. to return to my Unit, Mr.Mongelli called me back to where he was standing with the OIC Officer. He then said to this officer that he wanted him to hear what happened. Mr. Mongelli tried to get me lugged, and I did not say a word. I said that I was sorry and that it would not happen again. The Officer said what do you want to do, and Mr. Mongelli said that he probably would have to write up an incident report. I then left the building.

   I believe that I did not do anything wrong, I was only exercising my First Amendment rights to access to the courts, free speech, and my right to association. See, Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000); Hancock v. Thalacker, 933 F.Supp. 1449, 1474-1475 (N.D.Iowa 1996).

   I also believe and that I am afraid that because Mr. Mongelli brought this issue to the OIC Officer was in retaliation for saying that I had a First Amendment right to free speech, access to the courts, and a right to associate. This in effect, puts a stifling or a chilling effect on my speech, and that Mr. Mongelli's conduct amounts to harassment. Bell v. Johnson, 308 F.3d 594, 604 (6th Cir. 2002); Thaddeus-X v. Blatter, 175 F.3d 378, 397 (6th Cir. 1999).

   There are other incidents where Mr. Mongelli, in the past, tried to impede my ability to research, work with other inmates, and one time he threw me out of the Law Library because he did not want me to help or talk to other inmates. For the last few years I have been listening to Mr. Mongelli tell me to shut-up, and "since there is no justification for harassing people for exercising their constitutional rights [the effect on freedom of speech] need not be great in order to be actionable." Id. at 397. 42 U.S.C. §1983.

   It seems like every time I go to the law library, which is only three times a week, Wed, thurs, Fri, Mr. Mongelli waits until I am talking to or helping another inmate, before he tries to interfere with my protected rights. I know that it is clear that most courts hold that "an inmate does not have an independent right to help other prisoners with their legal claims." See, Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir. 1993). Rather, "a 'jailhouse lawyer's' right to assist another prisoner is wholly derivative of that prisoner's right of access to the courts; prison officials may prohibit or limit jailhouse lawyering unless doing so interferes with an inmate's ability to present his grievances to a court." Thaddeus-X,

William R. Mitchell
January  , 2004
page Four


<u>supra</u>, at 395.  In my case, I help a lot of people and Mr. Mongelli knows this, and his interference with this protected conduct, denies not only my right to access to the courts, but other inmate's access to the courts as well.

   I am requesting monetary and punitive damages for Mr. Mongelli's violations of my Constitutional Rights under the First Amendment to the United States Constitution, and art. 16 of the Massachusetts Declaration of Rights.  See, art. LXXVII of the Amendments.

   I am also requesting that the Department of Correction enjoin the law librarian from interfering, harassing, and impeding my ability to access to the courts.

                                        Respectfully yours,


                                        William R. Mitchell


cc: file




*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*Massachusetts Correctional Institution Norfolk*
*2 Clark Street, P.O. Box 43*
*Norfolk, Massachusetts 02056*
*Tel: (508)660-5900*

*www.mass.gov/doc*

**Mitt Romney**
*Governor*
**Kerry Healy**
*Lt. Governor*
**Edward Flynn**
*Secretary*

**Kathleen M. Dennehy**
*Commissioner*
**James Bender**
*Acting Deputy Commissioner*
**Luis S. Spencer**
*Superintendent*

March 18, 2004

William Mitchell, W51474
Unit 2-1
Norfolk, MA 02056

Inmate Mitchell,

A review of your grievance #04-09 has been completed with the following decision rendered.

Please be advised that Mr. Mongelli has informed this Office that although he has spoken to you, he understands that Inmates may converse with other Inmates (clerks) while in the Law Library to continue their Law research. However, an extended conversation may require him to intervene as to why this conversation must be conducted. Furthermore, you currently have no restrictions that would prohibit you form accessing the Law Library to continue conducting legal research.

Based on this information, this Grievance is Denied. If you disagree with this decision you may appeal in accordance with 103 CMR 491.

Sincerely,

Richard S. Christiansen Jr.

Richard S. Christiansen, Jr.
Institution Grievance Coordinator

RSC
cc: File

B

William R. Mitchell
W-51474/Unit 2-1
MCI-Norfolk


Luis Spencer
Superintendent
MCI-Norfolk                                    March 2, 2004


**Re:** FORMAL GRIEVANCE
    103 CMR 491.21


Dear Superintendent Spencer:


   I am submitting my grievance to you for review pursuant to 103 CMR 491.21, as the Grievance Coordinator, Richard S. Chrstinansen failed to answer my grievance within the regulations time limits pursuant to 103 CMR 491.10(1)(E) & 491.18.

   On January 22, 2004, I filed my grievance with the Inmate Grievance Coordinator. On January 27, 2004, I received the receipt from the Grievance officer with grievance number 04-09.

   On February 6, 2004, the day the Grievance officer was suppose to respond, I received a "Grievance Extension Form" notifying me that the time to answer was extended to February 26, 2004.

   To this day I have not received an answer or a response from my grievance, and therefore, there is nothing to appeal.

   So pursuant to 103 CMR 491.21, I am submitting my grievance to you for review (See enclosed).

   Thank you for your time in this matter.


                                        Very truly yours,



                                        William R. Mitchell


cc: file
encls.

C

MAR 26
SUPERINTENDENT'S OFFICE
MCI-NORFOLK

ATTACHMENT "C"

**DEPARTMENT OF CORRECTION**
**INSTITUTION APPEAL FORM**
**FORWARD TO THE INSTITUTIONAL SUPERINTENDENT**

**SECTION A**

NAME: William R. Mitchell      INSTITUTION: MCI-Norfolk

NUMBER: W-51474    HOUSING UNIT: 2-1    DATE OF INCIDENT: 9, 2003; 1/14/04 1/15/2004

APPEAL: I am appealing the decision of the Grievance officer's denial of my grievance dated January 27, 2004, pursuant to 103 CMR 491.12(1).

See attached.
(ATTACH ADDITIONAL PAGE IF NECESSARY)

REMEDY REQUESTED: (See Grievane at page 1 and 4).

INMATE SIGNATURE: William R. Mitchell    DATE: 3/24/04
STAFF RECIPIENT: M. Soderbom    DATE: MAR 26 2004
DATE RECEIVED: MAR 26 2004

**SECTION B**

ASSIGNED GRIEVANCE NUMBER: #04-09

ASSIGNED INSTITUTION APPEAL NUMBER: #04-09

DECISION RENDERED:     ___ APPROVED
                       ✓ DENIED

SUMMARY OF FINDINGS: Your access to law lib have not been taken away. Mr. Mongelli has a right to maintain order in law lib so as to ensure it's a good study place for all inmates. At this time I don't see any violation(s).

SUPERINTENDENT'S SIGNATURE: [signature]    DATE: 4/6/04



William R. Mitchell
March 24, 2004
page Two


The Grievance Officer did not address two out of the three claims.

First, I made a claim that the law librarian interfered with my rights to association with other inmates in the law library.

Two, The Law Librarian interfered with my access to the court's.

Three, the Law Librarian interfered with my rights to free speech. (See Grievance attached).

The Grievance Officer denied my grievance stating that Mr. Mongelli has informed him that although he has spoken to me, he understands that inmates may converse with other (clerks) while in the Law Library to continue their law research. However, an extended conversation may require him to intervene as to why this conversation must be conducted.

The Grievance Officer also stated that I am not currently restricted from the Law Library which would deny me access to the Law Library in order to conduct legal research. (See attached).

The Grievance Officer misses the point, and that is it does matter how long a conversation is taken place, it still would be an interference of my freedom of speech, because there is no time limits on speech, unless I am violating one of the Institutions policies or regulations.

In this case, I never violated any rules or regulations in the Law Library as long as I have been going there.

Second, the Grievance Officer's misses the point as to being denied access to the courts. In his findings he says that I am not impeded from access to the Law Librarian.

I never made a claim that I was being denied access to the Law Library, I made the claim that I was being denied "access to the courts". This is a big difference.




*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*50 Maple Street, Suite 3*
*Milford, Massachusetts 01757-3698*
*(508) 422-3300*
*www.mass.gov/doc*

**Mitt Romney**
Governor

**Kerry Healey**
Lieutenant Governor

**Edward A. Flynn**
Secretary

**Kathleen M. Dennehy**
Commissioner

**James Bender**
Acting Deputy Commissioner

William Mitchell, W51575
MCI-Norfolk
P.O. Box 43
Norfolk, MA 02056

June 3, 2004

Dear Mr. Mitchell:

In accordance with 103 CMR 491, Inmate Grievance Policy, the Department Grievance Coordinator reviews all grievance appeals denied at the Superintendent's level. As a result of the aforementioned requirement, I have reviewed your grievance (#04-09) and appeal, relative to allegations of unprofessional conduct by the Librarian.

Please be advised that after a thorough review of the above-mentioned grievance and appeal, I support the Superintendent's decision to deny your grievance, as the facts presented to not support your allegations that the Librarian acted unprofessionally. Additionally, although inmates are allowed to converse and seek assistance from law clerks and other inmates while in the library, they must conduct themselves in accordance with institutional regulations. Furthermore, it is appropriate for the Librarian to ask inmates to leave the library when necessary, to maintain order. Lastly, I recommend that you continue to submit concerns of retaliation/harassment to your respective Superintendent for appropriate investigation/action.

Sincerely,

Kristie Ladouceur
Department Grievance Coordinator

cc: Luis Spencer, Superintendent
R. Christiansen, IGC
File

