```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

WILLIAM R. MITCHELL,                         No. 04-cv-11504-RCL

    Plaintiff,

    v.

WILLIAM D. MONGELLI,

    Defendant.

<u>ANSWER TO THE AMENDED COMPLAINT</u>
<u>AND DEMAND FOR JURY TRIAL</u>

The defendant, William D. Mongelli, answers the allegations of the Amended Complaint, paragraph by paragraph, as follows:

The first unnumbered paragraph is an introductory statement to which no responsive pleading is required. To the extent that factual allegations are contained therein, the defendant denies them.

1. This paragraph is a jurisdictional statement for which no responsive pleading is required. To the extent that factual allegations are contained therein, the defendant denies them.

2. The paragraph is a statement of venue for which no responsive pleading is required. To the extent that factual allegations are contained therein, the defendant denies them.

3. Admit.

4. The defendant admits that he is the librarian for MCI-Norfolk at the address alleged, but he neither admits nor

2

denies the capacity in which he is being sued.

5. Admit.

6. Admit.

7. The defendant admits that the plaintiff was subsequently classified to MCI-Norfolk, but denies that the plaintiff was classified there for the duration of his sentence.

8. The defendant admits that the Massachusetts Appeals Court affirmed the plaintiff's conviction in 1995, <u>Commonwealth v. Mitchell</u>, 646 N.E.2d 1073, but he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

9. The defendant admits that he knows the plaintiff, but he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

11. The defendant admits that the plaintiff attended the prison library on a fairly regular basis in the past, but he denies that the defendant was hostile towards the plaintiff and further denies that the defendant made "subtle threats and innuendos." The defendant admits that, as the prison librarian, he was required to conduct a cursory review of prisoners' legal papers before approving them to be

3

photocopied, but he denies that there was any pattern or practice of arbitrarily denying the plaintiff's requests for photocopying services. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

12. Deny.
13. The defendant admits that he spoke with the plaintiff on occasion and sometimes had to tell him to be quiet while in the library, but he denies that he engaged in any pattern or practice of arbitrarily denying the plaintiff's access to the library.
14. Deny.
15. Deny.
16. Deny.
17. Deny.
18. Deny.
19. The defendant admits that prisoners are not permitted to congregate in corners of the library where their actions cannot be monitored, and that he sometimes must tell them to move, but he is without knowledge or information sufficient to admit or deny whether this occurred with the plaintiff in September "on or around 2003."
20. The defendant is without knowledge or information sufficient to form a belief as to the truth of the

4

averments contained in this paragraph.

21. The defendant is without knowledge or information sufficient to admit or deny whether the plaintiff filed his petition on time, and he denies the remaining allegations contained in this paragraph.

22. The defendant admits that prisoners are permitted to quietly converse in the library and that loud and disruptive conduct is prohibited, but he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

23. The defendant admits that he has on occasion had to tell prisoners, including the plaintiff, to be quiet while in the library, but he denies the remaining averments contained in this paragraph.

24. The defendant is without knowledge or information sufficient to admit or deny the averments contained in this paragraph.

25. The defendant admits that some prisoners are hired and trained as law clerks to assist other prisoners with legal research. The defendant further admits that he has on occasion called certain prisoners, including the plaintiff, into his office to speak with them about inappropriate behavior in the library, but he is without knowledge or information sufficient to admit or deny the remaining

5

averments contained in this paragraph.

26. Deny.

27. Deny.

28. The defendant admits that the plaintiff would have picked up his inmate identification card upon leaving the library and that the Officer in Charge (OIC) may have been present when he spoke with the plaintiff, but the defendant denies that he wrote a report regarding any incident pertaining to the plaintiff on January 15, 2004.

29. Deny.

30. The defendant admits that the photocopy machine is generally not in operation on Saturdays and Sundays, since he supervises its operation, and the defendant's job does not require him to work on weekends. The defendant denies that the plaintiff cannot obtain legal supplies, but admits that the plaintiff must personally request supplies from the librarian. The defendant is without knowledge or information sufficient to admit or deny the remaining averments contained in this paragraph.

31. The defendant admits that he has had to ask the plaintiff on occasion to be quiet while in the library, but he denies the remaining averments contained in this paragraph.

32. The defendant admits that the plaintiff filed a grievance and, further answering, states that the document speaks for itself.

6

33. The defendant admits that the plaintiff's grievance was denied and, further answering, states that the document speaks for itself.

34. The defendant admits that the plaintiff appealed his grievance and, further answering, states that the document speaks for itself.

35. The defendant admits that, to his knowledge, the plaintiff has never received a formal disciplinary report for any misbehavior while in the law library at MCI-Norfolk. The defendant further states that the document to which the plaintiff refers in this paragraph speaks for itself.

36. The defendant admits that the plaintiff's appeal was denied and, further answering, states that the document speaks for itself.

37. The defendant admits that the plaintiff further appealed the denial of his grievance to the Department grievance coordinator and, further answering, states that the document speaks for itself.

38. The defendant states that the document to which the plaintiff refers speaks for itself.

39. The defendant is without knowledge or information sufficient to admit or deny the averments contained in this paragraph.

40. The defendant admits that the plaintiff's appeal was denied by the Department grievance coordinator and, further

7

answering, states that the document speaks for itself.

41. Deny.
42. The defendant hereby repeats his answers to paragraphs 1 through 41 as set forth herein.
43. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, the defendant denies them.
44. The defendant hereby repeats his answers to paragraphs 1 through 41 as set forth herein.
45. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, the defendant denies them.
46. The defendant hereby repeats his answers to paragraphs 1 through 41 as set forth herein.
47. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, the defendant denies them.
48. The defendant hereby repeats his answers to paragraphs 1 through 41 as set forth herein.
49. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, the defendant denies them.
50. The defendant hereby repeats his answers to paragraphs 1 through 41 as set forth herein.
51. The averments contained in this paragraph are conclusions

8

of law which do not require a response. To the extent that factual allegations are made, the defendant denies them.

52. The defendant hereby repeats his answers to paragraphs 1 through 41 as set forth herein.

53. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, the defendant denies them.

54. The defendant hereby repeats his answers to paragraphs 1 through 41 as set forth herein.

55. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, the defendant denies them.

56. The defendant hereby repeats his answers to paragraphs 1 through 41 as set forth herein.

57. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, the defendant denies them.

58. The defendant hereby repeats his answers to paragraphs 1 through 41 as set forth herein.

59. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, the defendant denies them.

60. The defendant hereby repeats his answers to paragraphs 1 through 41 as set forth herein.

61. The averments contained in this paragraph are conclusions

9

of law which do not require a response. To the extent that factual allegations are made, the defendant denies them.

Prayers for Relief

The defendant opposes each and every request for relief sought by the plaintiff.

Affirmative Defenses

The defendant raises the following affirmative defenses:

1. The complaint fails to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

2. The complaint is barred by the applicable statute of limitations.

3. The complaint is barred by the doctrine of laches.

4. The complaint is barred by the plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a).

5. Because of his acts or omissions, the plaintiff has waived any claims he might have against the defendant for any of the matters asserted.

6. Because of his acts or omissions, the plaintiff is estopped from raising any claims he might have against the defendant for any of the matters asserted.

7. The defendant is protected by qualified immunity from suit, and all of his actions were within his qualified immunity. The defendant's conduct at all relevant times was reasonable, in good faith, without malice or

10

corruption, within the scope of his authority and not in disregard of settled principles of law.

8. The defendant is not responsible for any injuries allegedly suffered by the plaintiff, if any injury in fact occurred.

Jury Demand

The defendant demands a trial by jury on all issues so triable.

```
                              WILLIAM D. MONGELLI

                              By his attorney,

                              NANCY ANKERS WHITE
                              Special Assistant Attorney General

Date: May 26, 2005            _/s/ DAVID J. RENTSCH_____
                              David J. Rentsch, Counsel
                              Legal Division
                              Department of Correction
                              70 Franklin Street, Suite 600
                              Boston, MA  02110-1300
                              (617) 727-3300, ext. 142
                              BBO #544926
```

CERTIFICATE OF SERVICE

I, David J. Rentsch, certify that on this day I mailed a copy of the foregoing paper to William R. Mitchell, pro se, by first class mail, postage pre-paid, at MCI-Norfolk, P.O. Box 43, Norfolk, MA  02056.

```
Date: May 26, 2005            __/s/ DAVID J. RENTSCH_____
                              David J. Rentsch
```