UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 APR -6  P 12: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
                          )
WILLIAM R. MITCHELL,      )
     Plaintiff,           )
                          )
                          )
     -V-                  )     CIVIL ACTION
                          )     NO. 04-11504-RCL
                          )
WILLIAM D. MONGELLI,      )
     Defendant.           )
                          )
```

### PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. 26(c) AND (3)

NOW COMES Plaintiff William R. Mitchell in the above-entitled matter, and he does hereby respectfully move this Honorable Court pursuant to Fed.R.Civ.P. 26(c) and (3), for a protective order to enjoin Defendant from taking his deposition pursuant to Fed.R.Civ.P. 30(a)(2).

The grounds for this motion are stated as follows:

1.   On September 29, 2004, Plaintiff moved to amend his complaint.  On March 29, 2005, Defendant was served by U.S. Marshal's Office.  On May 26, 2005, Defendant answered Plaintiff's amended complaint.

2.   On June 31, 2005, Plaintiff served Defendant with a copy of first set of interrogatories and production of documents.  On July 6, 2005, Defendant filed a motion for judgment on the pleadings and a motion to stay discoveries, instead of answering Plaintiff's discoveries.

3.    On August 10, 2005, Plaintiff filed an opposition
to Defendant's motion for judgment on the pleadings.
On March 6, 2006, the Court *Lindsay, DJ.) entered an
order granting in part and denying in part Defendant's
motion for judgment on the pleadings.   The Court further
ordered that a joint pretrial schedule be prepared by
March 28, 2006.

4.    On March 8, 2006, Defendant's attorney sent
Plaintiff a letter stating that he would prepare a joint
schedule and if Plaintiff signed it, he would file it
electronically.   Defendant also stated that he was seeking
to take Plaintiff's deposition, and that Plaintiff's
discoveries needed to be amended in light of the court's
ruling.

5.    On March 11, 2006, Plaintiff sent Defendant's
attorney a response letter stating that he was objecting
to the taking of his deposition and that he was going
to amend his interrogatories.

6.    On March 21, 2006, Plaintiff amended his first set
of interrogatories and sent Defendant a copy.   Plaintiff
stated in the cover letter that the production of
documents were to stay the same.

7.    On March 23, 2006, Plaintiff agreed to Defendant's
proposed pretrial schedule.    Defendant filed the
agreement and his motion for leave to take Plaintiff's
deposition electronically.    On March 29, 2006, the
Court (Lindsay, DJ.) entered an order Approving the
 agreed scheduling order.

8.    Plaintiff argues that the taking of his deposition
is designed to annoy, embarrass, oppress, or to
intimidate Plaintiff.    There are other alternative methods
and means of taking Plaintiff's discoveries, although
the Defendant has a right to pick and file what he wants,
see Nguyen v. Excel Corp., 197 F.3d 200, 208-209
(5th Cir. 1999)(for "good cause shown," court may order
discovery taken by a method other than that selected by
the party seeking the discovery), the court can order a
different type of discovery that is equivalent to that
of the type requested. i.e. deposition by telephone,
Fed.R.Civ.P. 30(b)(7); written deposition upon written
questions, Fed.R.Civ.P. 31(a); interrogatories, Fed.R.Civ.
P. 33(a), or request for admissions, Fed.R.Civ.P. 36(a).

9.    All of these methods can be conducted without leave
of the court.

10.    Plaintiff argues that there has been absolutely no
discoveries done in this case since it was filed on

July 1, 2004. Furthermore, there was a stay on discoveries pending for over 9 months, and pending any rulings on Defendant's motion for judgment on the pleadings. Now that the court determined which claims survived dismissal, DEfendant wants to take Plaintiff's deposition prior to any answers to Plaintiff's interrogatories, although there are no particular sequence or order of discoveries, Plaintiff argues that taking his deposition at this stage of the proceedings is just to late in the day, and besides, the taking of Plaintiff's deposition before any answers to Plaintiff's discoveries is designed to stall his discovery requests one more time. Plaintiff can anticipate that Defendant will move to take his deposition and then file a motion to dismiss/summary judgment and a motion to stay discoveries. Again, Plaintiff will be caught with his paints down, and that is, no evidence to support his claim in COUNT VI.

11.    There are early pronouncements of the Supreme Court of the United States [that] have provided the touchtone for interpreting the discovery rules. The Supreme Court has stated that "[m]odern instruments of discovery serve a useful purpose.... They together with pretrial procedures make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."

United States v. Procter & Gamble Co., 356 U.S. 677, 682
(1958), quoting Strom v. American Honda Motor Co., Inc.,
423 Mass. 330, 336 (1996).

12. Furthermore, "'[d]iscovery' is one of the working
tools of the legal profession.... It seems clear and
long has been recognized that discovery should provide
a party access to anything that is evidence in his [her]
case." Hickman v. Taylor, 329 U.S. 495, 515 (1947),
quoting Strom, supra, at 336. In addition, "[t]he
deposition-discovery rules are to be accorded a broad
and liberal treatment. No longer can the time-honored
cry of 'fishing expedition' serve to preclude a party
from inquiring into the facts underlying his opponent's
case. Mutual knowledge of all the relevant facts
gathered by both parties is essential to proper litigation."
Id. at 501, 507.

13. Plaintiff argues that there has been absolutely no
discoveries done in this case since it was filed, and
the taking of his deposition prior to answering Plaintiff's
interrogatories and production of documents is only
designed as a stall tactic and to place Plaintiff in an
arkward or compromising position. Plaintiff cannot
think of any good reason why alternative measures
cannot be used under the circumstances of this case.

14.   There are other alternate methods and means by
which to take Plaintiff's discoveries, and Plaintiff
cannot think of no good reason why these means cannot
be utilized.   As an elementary matter, Defendant can
obtain the same results from a request for interrogatories,
admissions, etc. as that of his deposition, without leave
from the court.

WHEREFORE, Plaintiff prays that this Honorable Court
ALLOW his Motion For Protective Order Pursuant To
Fed.R.Civ.P. 26(c) And (3).

                                    Respectfully submitted
                                    by the Plaintiff,

                                    William R. Mitchell/ pro-se
                                    P.O. Box 43
                                    Norfolk, MA 02056

Dated: April 7, 2006


## CERTIFICATE OF SERVICE

        I, William R. Mitchell certifies that he has served
upon the Defendant's attorney, David J. Rentsch, Counsel
for the Department of Correction, 70 Franklin Street,
Suite 600, Boston, Massachusetts 02110-1300, one true
and accurate copy of the foregoing documents, on this
 4  day of April, 2006, by first class mail, postage
prepaid.

                                    William R. Mitchell