UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 APR -6  P 12: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

WILLIAM R. MITCHELL,    )
    Plaintiff,         )
                       )
                       )
    -v-                )    CIVIL ACTION
                       )    NO. 04-11504-RCL
                       )
WILLIAM D. MONGELLI,    )
    Defendant.         )
                       )

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO TAKE DEPOSITION

NOW COMES Plaintiff William R. Mitchell in the above-entitled matter, and he does hereby respectfully submit his opposition to Defendant's Motion For Leave To Take Deposition Of Plaintiff Confined In Prison Pursuant To Fed.R.Civ.P. 30(a)(2).

I.   DEFENDANT'S MOTION FOR LEAVE TO TAKE DEPOSITION SHOULD BE DENIED BECAUSE IT IS DESIGNED TO ANNOY, EMBARRASS, OPPRESS, OR INTIMIDATE PLAINTIFF

On July 1, 2004, Plaintiff filed a Complaint for Defendant's violations of his constitutional and civil rights pursuant to 42 U.S.C. §1983. On September 29, 2004, Plaintiff amended his complaint. On March 29, 2005, Defendant was served by U.S. Marshal's Office.

On May 26, 2005, Defendant answered Plaintiff's amended complaint. On July 6, 2005, Defendant filed a motion for judgment on the pleadings, and a motion to stay discoveries that Plaintiff had served upon Defendant on June 31, 2005.

Plaintiff served upon Defendant a set of Interrogatories and Production of Documents. But unfortunately they were never answered because of the stay of discoveries.

On August 10, 2005, Plaintiff filed an opposition to Defendant's Motion For JUdgment on the Pleadings. On March 6, 2006, the Court (Lindsay, DJ.) entered an order granting in part and denying in part Defendant's motion for judgment on the pleadings. The Court further made orders that "in lieu of a scheduling conference, the parties are directed--jointly, if possible; separately, if necessary--to propose to the court a schedule of pretrial matters that addresses deadlines for any (1) amendments to the pleadings, (2) discovery, and (3) further dispositive motions. The schedule(s) must be filed with the court not later than March 28, 2006."

On March 8, 2006, Defendant's attorney sent Plaintiff a letter stating the joint pretrial schedule, and that he was going to file a motion for leave to take Plaintiff's deposition. Defendant's attorney's letter further stated that Plaintiff's discovery requests need to be amended in light of the court's ruling.

On March 11, 2006, Plaintiff sent Defendant's attorney a response stating that he was objecting to the taking of deposition.

On March 21, 2006, Plaintiff amended his first set of interrogatories and sent Defendant a copy. Plaintiff stated in a cover letter that the production of documents were to stay the same and the time for answering will be the same as the answers to the amended interrogatories.

On March 23, 2006, Plaintiff agreed to Defendant's proposed pretrial scheduling and signed the agreement. Defendant in turn, signed it and electronically filed it in this Court. Defendant further filed his motion for leave to take Plaintiff's deposition. On March 29, 2006, the Court (Lindsay, DJ), entered an order Approving the agreed scheduling order.

Plaintiff argues and opposes that the taking of his deposition is designed to annoy, embarrass, oppress, or to intimidate Plaintiff because there are other alternatives to taken discoveries, although the Defendant has a right to pick the way he conducts his discoveries, see Nguyen v. Excel Corp., 197 F.3d 200, 208-209 (5th Cir. 1999)( for "good cause shown," court may order discovery taken by a method other than that selected by the party seeking the discovery), the court can order a different type that is equivalent to the type requested. i.e. deposition by telephone, Fed.R.Civ.P. 30(b)(7); written deposition upon written questions, Fed.R.Civ.P. 31(a); interrogatories, Fed.R.Civ.P. 33(a); or request for admissions, Fed.R.Civ.P. 36(a).

All of these methods can be conducted without leave of the court.

Plaintiff argues that there has been absolutely no discoveries in this case since it was filed on July 1, 2004, and that there was a stay on discoveries pending Defendant's motion for judgment on the pleadings. Now that the court sifted through the claims and determined that a joint pretrial schedule should be filed, Plaintiff sent Defendant an amended set of interrogatories and production of documents, although there are no particular sequence of the use of discoveries, Plaintiff argues that the taking of his deposition is designed to stall Plaintiff's answers to his interrogatories and production of documents. Plaintiff has not received one answered question since this case was filed and now the Defendant wants to take his deposition. The taking of Plaintiff's deposition is designed to place Plaintiff in an ackward or compromising position, and Plaintiff cannot think of any good reasons why alternative measures cannot be used and that any statements made by Plaintiff can only hurt the Defendant, instead of help his position.

Plaintiff further opposes any deposition because COUNT VI of his Amended Complaint survived Defendant's motion for judgment on the pleadings. COUNT VI is a count for retaliation against Defendant for bringing

Plaintiff to a Department of Correction officer (guard) for chastising and then the threat of writing an incident report because Plaintiff informed Defendant that he has a right to free speech and to associate with Defendant's law clerks in the prison law library. Plaintiff argues that the taking of his deposition can only be seen as an extension of that retaliation for filing this law suit. There are other alternative methods and means by which to take Plaintiff's discoveries and that Plaintiff will attach hereto a motion for protective order pursuant to Fed.R.Civ.P. 26(c) and (3).

WHEREFORE, Plaintiff prays that this Honorable Court <u>DENY</u> Defendant's Motion For Leave To Take Plaintiff's Deposition.

Respectfully submitted
by the Plaintiff,

*William R Mitchell*
William R. Mitchell, pro-se
P.O. Box 43
Norfolk, MA 02056

Dated: April 4, 2006

-6-

## CERTIFICATE OF SERVICE

I, William R. Mitchell certifies that he has served upon the Defendant's attorney, David J. Rentsch, Counsel for the Department of Correction, 70 Franklin Street, Suite 600, Boston, Massachusetts 02110-1300, one true and accurate copy of the foregoing documents, on this 4 day of April, 2006, by first class mail, postage prepaid.

*William R. Mitchell*
William R. Mitchell