UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                )
WILLIAM R. MITCHELL,            )
     Plaintiff,                 )
                                )
                                )
     -v-                        )
                                )
                                )
WILLIAM D. MONGELLI,            )
     Defendant.                 )
                                )
```

FILED
IN CLERKS OFFICE

2006 MAY 24 P 1: 10

CIVIL ACTION
NO. 04-11504-RCL

U.S. DISTRICT COURT
DISTRICT OF MASS.

### PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OR DISCOVERY PURSUANT TO FED.R.CIV.P. 37(a)(1)(2)(A),(B)

NOW COMES Plaintiff William R. Mitchell in the above-entitled matter, and he does hereby respectfully move this Honorable Court pursuant to Fed.R.Civ.P. 37(a)(1)(2)(A),(B), to compel Defendant William D. Mongelli to turn over the requested discovery materials, including, but not limited to, tangible things for inspection. See Harris v. Athol-Royalston Regional School Dist. Committee, 206 F.R.D. 30, 32-33 (D.Mass. 2002)(allows a party to inspect and copy, test, or sample tangible things relevant to the action). See also Fed.R.Civ.P. 34(a).

The grounds for this motion are stated below as follows:

1.    On June 31, 2005, Plaintiff served Defendant with a copy of first set of interrogatories and production of documents. But these requests were stayed pending Defendant's motion for judgment of the pleadings.

2.    On March 6, 2006, the Court (Lindsay, DJ.) entered an order granting in part and denying in part Defendant's motion for judgment on the pleadings.  The Court further ordered that a joint pretrial schedule be prepared by March 28, 2006.

3.    The joint pretrial schedule was filed on the due date of the Court.

4.    On March 21, 2006, Plaintiff amended his first set of interrogatories and sent DEfendant a copy, but the motion for production of documents remained the same.

5.    On April 24, 2006, Defendant sent Plaintiff his answers to interrogatories and production of documents. (See enclosed).

6.    Plaintiff does not dispute Defendant's interrogatories, but he does object to Defendant's failure to turn over tangible things as requested.

7.    For instance, in Request No. 3, Plaintiff asked for "any and all complaints, law suits, signed or unsigned, settled or unsettled, that have been filed against DEfendant within the last five (5) years.

8.    In Defendant's response to Request No. 3, states in pertinent part, OBJECTION:  Defendant objects to this

-3-

request as vague, unduly burdensome, overly broad,
irrelevant to the subject matter involved in this action,
and not reasonably calculated to lead to the discovery
of admissible evidence. (See enclosed).

9.    Defendant further stated that notwithstanding the
above objection, and without waiver thereof, the plaintiff
may refer to the case <u>Puleio</u> v. <u>Commissioner of Correction,</u>
<u>et al.</u>, 52 Mass.App.Ct. 302 (2001), rev. denied, 435 Mass.
1105, in which Mr. Mongelli was a defendant.  The complaint
in that case may be obtained from the clerk of the
Suffolk Superior Court, Docket No. SUCV1997-01454.

10.   Plaintiff moves to compel disclosure or discovery of
the "actual" complaint that was filed against Defendant,
and not just the docket numbers.  Plaintiff further states
that he does not have to pay for anything in a discovery
proceeding, although there can be a copy fee for such
requests.  Plaintiff does not have to search for requested
documents in a Superior Court, or make his own discovery
in a Superior Court.  This obligation is on the Defendant
to comply with discovery requests pursuant to Fed.R.Civ.P.
26(a)(1)(B), "a copy of, or a description by category and
location of, all documents, data compilations, and
tangible things that are in the possession, custody, or
control of the party and that the disclosing party may
use to support its claims or defenses, ..."

-4-

11.  Plaintiff made his request for production of documents pursuant to Fed.R.Civ.P. 34(a), to inspect all and any complaints that were lodged against Defendant for the last five years, which states in pertinent part, Rule 34 allows a party to inspect and copy, test, or sample tangible things relevant to the action.  Plaintiff states that informing him that he can obtain the complaint by writing to the clerk of the Superior Court for a copy that probably will cost a copy fee, does not satisfy the provisions of rule 34(a).  Plaintiff does not have to go on a "fishing expedition" in order to obtain his requested discovery materials.  Besides, Plaintiff looked at case <u>Puleio</u> v. <u>Commissioner of Correction, et al.</u>, 52 Mass.App.Ct. 302 (2001), in the Institutional's law library and found that it was an appeal from the complaint filed in Suffolk Superior Court on 1997.  In the appellate decision, it does not state with clarity what the actual claims or counts were against Defendant, Mr. Mongelli. See <u>United States</u> v. <u>Procter & Gamble Co.</u>, 356 U.S. 677, 682 (1958), quoting <u>Strom</u> v. <u>American Honda Motor Co., Inc.</u>, 423 Mass. 330, 336 (1996).

12.  In <u>Strom</u>, the Court held that "'[d]iscovery' is one of the working tools of the legal profession....  It seems clear and long has been recognized that discovery should provide a party access to anything that is evidence

in his [her] case." Id. at 336, citing <u>Hickman</u> v. <u>Taylor</u>, 329 U.S. 495, 515 (1947). In addition, "[t]he deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of !fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." <u>Id</u>. at 501,507.

13. In Plaintiff's Request No. 4, he asked for "any and all papers, journals, speeches, and/or books written by Defendant within the last ten (10) years." (See enclosed).

14. In Defendant's response to Request No. 4, he stated in pertinent part, <u>OBJECTION</u>: Defendant objects to this request as vague, unduly burdensome, overly broad, irrelevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence. (See enclosed).

15. Defendant further stated that notwithstanding the above objection, and without waiver thereof, the plaintiff may refer to Mr. Mongelli's book, "CONSENTRATING ON THE LAW: A Program Of Self-Directed Legal Research For Prison Course Givers." The book is published by F&W Associates, and is available for purchase through LMC

Source, 358 South 700 East #B305, salt Lake City, UT
84102. (See enclosed).

16. Plaintiff moves to compel disclosure or discovery of
the "actual" book that Defendant had written in his
individual capacity. Plaintiff further states that he
does not have to pay for this book, although there can be
a copy fee for such requests. Plaintiff argues that he
does not have to send for this book to Utah, or make his
own discovery. This obligation is on the Defendant to
comply with discovery requests pursuant to Fed.R.Civ.P.
26(a)(1)(B). (See ante at 3,¶10).

17. Plaintiff made his request for production of
documents pursuant to Fed.R.Civ.P. 34(a), to inspect all
and any papers, journals, speeches, and/or books written
by Defendant within the last ten years, which states in
pertinent part, Rule 34 allows a party to inspect and
copy, test, or sample tangible things relevant to the
action. Plaintiff states that informing him that he can
purchase Mr. Mongelli's book himself at the address
enclosed by Defendant, does not satisfy the provisions
of rule 34(a). Plaintiff does not have to go on a
"fishing expedition" in order to obtain his requested
discovery materials. See Strom, supra, at 336.

-7-

18.  Plaintiff argues at all times that the formal
complaint that was filed in the Suffolk Superior Court
on or around 1997, is relevant to the question of the
Defendant's knowledge of the constitution and if the
complaint was filed against Defendant for violating that
particular plaintiff's constitutional rights. i.e. access
to the courts, freedom of speech and association, and
retaliation.  Plaintiff has already reviewed the appellate
case, Puleio, in the law library and he found the case
to be inadequate to Plaintiff's discovery requests, and
without any information pertaining to violations committed
by Defendant to plaintiff Puleio, and therefore, Plaintiff
moves this Honorable Court to compel Defendant to
relinquish the "actual" complaint that was filed in the
Suffolk Superior Court on or around 1997, and any other
related documents.

19.  Plaintiff argues at all times that the book Defendant
had written in his individual capacity is relevant to
the question of the Defendant's knowledge of the
constitution and if Defendant acknowledged in his book
that if an interference with the right to access to the
courts, freedom of speech and association can be seen as
an aspect of retaliation, and a direct violation of
a particular inmate(s) or person(s) constitutional rights.

-8-

20.   Plaintiff simply argues that "[t]here are early pronouncements of the Supreme Court of the United States [that] have provided the touchtone for interpreting the discovery rules.  The Supreme Court has stated that '[m]odeern instruments of discovery serve a useful purpose...  They together with pretrial procedures make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'"  See <u>United States</u> v. <u>Procter & Gamble Co.</u>, 356 U.S. 677, 682 (1958), quoting <u>Strom</u> v. <u>American Honda Motor Co., Inc.</u>, 423 Mass. 330, 336 (1996).

WHEREFORE, Plaintiff prays that this Honorable Court <u>ALLOW</u> his Motion To Compel Disclosure Or Discovery Pursuant To Fed.R.Civ.P. 37(a)(1)(2)(A),(B).

Respectfully submitted
by the Plaintiff,

William R. Mitchell, pro-se
P.O. Box 43
Norfolk, MA 02056

Dated: May 23, 2006

-9-

## CERTIFICATION OF CONFERENCE

Pursuant to Fed.R.Civ.P. 37(a)(1)(2)(A),(B),
Plaintiff certifies that he in "good faith" sent a letter
and Fed.R.Civ.P. 33(b)(3) & (5), to confer with Defendant
on the matter of not producing the requested documents as
to the provision set forth under Fed.R.Civ.P. 34(a) and
Fed.R.Civ.P. 26 (a)(1)(B), and Plaintiff, in good faith,
tried to confer with Defendant to obey the discovery rules
and relinquish said documents on April 27, 2006.
(See enclosed).  See Naniant Marketing Solutions, Inc. v.
Larry Tucker, Inc., 339 F.3d 180 (3rd Cir. 2003).

On May 5, 2006, Defendant replied to Plaintiff's
conference letter and he stated that he does not have to
turn over the complaint and book, that Plaintiff has to
purchase the complaint and book himself. (See enclosed).
Even though one letter between Plaintiff and Defendant,
in some cases, or non-prisoner cases, addressing discovery
dispute does not satisfy the duty to confer.  See
Williams v. Board of County Com'rs of Unified Government
of Wyandotte County and Kansas City, Kan., 192 F.R.D. 698,
699 (D.Kan 2000).  But Plaintiff is exempt under Local
Rule 7.1(2), because Plaintiff cannot confer in person or
by telephone, so the letter submitted with this motion
and certification of conference is adequate and serves
the parties rights.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

ON THIS 23 DAY OF MAY, 2006.

William R. Mitchell

## CERTIFICATE OF SERVICE

I, Wiiliam R. Mitchell certifies that he has served
upon the Defendant's attorney, David J. Rentsch, Counsel
for the department of Correction, 70 Franklin Street, Suite
600, Boston, Massachusetts 02110-1300, one true and accurate
copy of the foregoing documents and enclosures, on this
23 day of May, 2006, by first class mail, postage prepaid.

-10-

William R. Mitchell

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

WILLIAM R. MITCHELL,

C.A. No. 04-11504-RCL 24 P 1: 10

Plaintiff,

U.S. DISTRICT COURT
DISTRICT OF MASS.

v.

WILLIAM D. MONGELLI,

Defendant.

## **DEFENDANT'S RESPONSE TO THE**
## **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Request No. 1

Any and all disciplinary reports, incident reports, signed or unsigned, written against all and any of the Defendant's workers within the last five (5) years. i.e. Clerk's, Stock Clerk's, etc.

Response No. 1

**OBJECTION**: Defendant objects to this request as it seeks information protected by the Criminal Offender Record Information Act ("CORI"), G.L. c. 6, § 167 et seq. In addition, this request is vague, unduly burdensome, overly broad, irrelevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding this objection, and without waiver thereof, the defendant herewith produces documents #01-03.

Request No. 2

Any and all disciplinary reports, incident reports, signed or unsigned, written against all and any inmate in the general population and/or while in the law library and/or general (sic) within the last five (5) years. i.e. any inmate in the library.

Response No. 2

**OBJECTION**: Defendant objects to this request as it seeks information protected by the Criminal Offender Record Information Act ("CORI"), G.L. c. 6, § 167 et seq. In addition,

this request is vague, unduly burdensome, overly broad,
irrelevant to the subject matter involved in this action, and
not reasonably calculated to lead to the discovery of admissible
evidence.

Notwithstanding this objection, and without waiver thereof, the
defendant herewith produces documents #04-05.

Request No. 3
        Any and all complaints, law suits, signed or unsigned,
settled or unsettled, that have been filed against Defendant
within the last five (5) years.

Response No. 3

**OBJECTION**: Defendant objects to this request as vague, unduly
burdensome, overly broad, irrelevant to the subject matter
involved in this action, and not reasonably calculated to lead
to the discovery of admissible evidence.

        Notwithstanding the above objection, and without waiver
thereof, the plaintiff may refer to the case of Puleio v.
Commissioner of Correction, et al., 52 Mass. App. Ct. 302
(2001), rev. denied, 435 Mass. 1105, in which Mr. Mongelli was a
defendant. The complaint in that case may be obtained from the
clerk of the Suffolk Superior Court, Docket No. SUCV1997-01454.

Request No. 4
        Any and all papers, journals, speeches, and/or books
written by Defendant within the last ten (10) years.

Response No. 4

**OBJECTION**: Defendant objects to this request as vague, unduly
burdensome, overly broad, irrelevant to the subject matter
involved in this action, and not reasonably calculated to lead
to the discovery of admissible evidence.

        Notwithstanding the above objection, and without waiver
thereof, the plaintiff may refer to Mr. Mongelli's book,
"CONSENTRATING ON THE LAW: A Program Of Self-Directed Legal
Research For Prison Course Givers." The book is published by F&W
Associates, and is available for purchase through LMC Source,
358 South 700 East #B305, Salt Lake City, UT 84102.

3

WILLIAM D. MONGELLI

By his attorney,

NANCY ANKERS WHITE
Special Assistant Attorney General

Date: April 24, 2006

David J. Rentsch, Counsel
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA  02110-1300
(617) 727-3300, ext. 142
BBO #544926

*12/3*

**M.C.I. NORFOLK**       *Page 1*

## MASSACHUSETTS DEPARTMENT OF CORRECTION

Form A

### DISCIPLINARY REPORT

INMATE ▓▓▓▓▓▓  I.D. NO. ▓▓▓▓▓▓  HOUSING UNIT ▓▓▓▓▓▓

DATE **NOV 2 8 2001**  D-REPORT NO. **01- 0762**

OFFENSE 1 — DISOBEYING AN ORDER OF A STAFF MEMBER 1,3,5,8 CODE NO.

2 — WILLFUL FAILURE TO PROPERLY PERFORM A WORK ASSIGNMENT

MINOR _____  MAJOR **✓**  REFERRED TO DISTRICT ATTORNEY _____

### DESCRIPTION OF OFFENSE

ON WEDNESDAY, NOVEMBER 28TH, 2001, AT APPROXIMATELY 1:45 PM, I WALKED FROM MY OFFICE TO THE LAW LIBRARY PHOTO-COPIER TO GET ONE COPY MADE OF AN INVOICE FOR THE TREASURER. INMATE ▓▓▓▓▓▓ WAS OPERATING THE COPIER AT THIS TIME. I DISCOVERED INMATE ▓▓▓▓▓▓ IN THE ACT OF COPYING SIX SHEETS OF HAND-WRITTEN MUSICAL NOTATION (SEE ATTACHED). ALSO AT THIS TIME, THE ONLY INMATE STANDING AT THE PHOTOCOPY COUNTER OPPOSITE INMATE ▓▓▓▓▓▓ WAS ▓▓▓▓▓▓ (▓▓▓▓▓▓). I TOOK THE SIX (6) ORIGINALS FROM THE COPIER FEEDER TRAY, AND ALSO REMOVED THE FOUR (4) COPIES FROM THE SORTER. I TURNED TO THE ABOVE-MENTIONED INMATES AND ASKED "WHOSE ARE THESE?" TO WHICH INMATE ▓▓▓▓▓▓ ANSWERED, "THEY'RE MINE."

HAS INMATE BEEN PLACED ON AWAITING ACTION STATUS?

YES **✓**  NO _____   SHIFT 8:30 AM — 4:30 PM

DAYSOFF **SAT / SUN**

REPORTING STAFF PERSON'S PRINTED NAME: William O. MONGELLI

REPORTING STAFF PERSON'S SIGNATURE : *(signature)* LIBRARIAN II

SHIFT COMMANDER'S SIGNATURE: Capt. Wm Dennis 11pm 11/28

DISCIPLINARY OFFICER'S SIGNATURE: B Juten

FINDING AND SANCTION, IF ANY Cons 2,8 W/Cont 1,5

(Transcribed from disciplinary hearing if major matter)

7 Days X-Duty, loss of Job

APPEAL RESULTS _____

REVIEWING AUTHORITY _____  DATE: _____

1

Page 2

**M.C.I. NORFOLK**

**MASSACHUSETTS DEPARTMENT OF CORRECTION**          <u>Form A</u>

### DISCIPLINARY REPORT

INMATE ████████          I.D. NO. ███████          HOUSING UNIT ████

DATE NOV 2 8 2001          D-REPORT NO. 01-0762

1- DISOBEYING AN ORDER OF A STAFF MEMBER
OFFENSE                                             CODE NO.
5- WILLFUL FAILURE TO PROPERLY PERFORM A WORK ASSIGNMENT

MINOR _____ MAJOR _____ REFERRED TO DISTRICT ATTORNEY _____

#### DESCRIPTION OF OFFENSE

I THEN PLACED THE ORIGINALS AND COPIES IN A MANILA
ENVELOPE AND BROUGHT THEM TO SGT. TONY LANGILLE IN THE
I.I.C. OFFICE. DURING MY DISCUSSION WITH SGT. LANGILLE ABOUT
THIS MATERIAL I REMEMBERED THAT I HAD SPOKEN WITH INMATE
████████ ON TWO PREVIOUS OCCASIONS IN MY OFFICE BEHIND
CLOSED DOORS ABOUT SOME OTHER NON-LEGAL MATERIAL WHICH
I DISCOVERED INMATE ████████ COPYING, AND MAKING IT CLEAR
TO INMATE ████████ THAT SUCH BEHAVIOR WOULD NOT BE
TOLERATED IN THE FUTURE.

INMATE ████████ IS WELL AWARE OF INSTITUTION RULES
FORBIDDING THE COPYING OF NON-LEGAL MATERIAL ON THE
LAW LIBRARY PHOTOCOPIER.

HAS INMATE BEEN PLACED ON AWAITING ACTION STATUS?

YES __✓__ NO _____          SHIFT 8³⁰ AM - 4³⁰ PM
                                 DAYS OFF SAT/SUN

REPORTING STAFF PERSON'S SIGNATURE William D. Monsell
                                    LIBRARIAN II

SHIFT COMMANDER'S SIGNATURE Capt. Wm Devine 11pm 11/28

DISCIPLINARY OFFICER'S SIGNATURE B Joba

FINDING AND SANCTION, IF ANY _____
                    (transcribed from disciplinary hearing if major matter)

_____

APPEAL RESULTS _____

REVIEWING AUTHORITY _____ DATE: _____

2

Form A

48001

M.C.I. NORFOLK

### MASSACHUSETTS DEPARTMENT OF CORRECTION

### DISCIPLINARY REPORT

INMATE ▮▮▮▮▮     I.D. NO. ▮▮▮▮     HOUSING UNIT ▮▮▮

DATE 8-5-04     D-REPORT NO. 04-0958

OFFENSE #5 #8     CODE NO._____

MINOR_____     MAJOR ✓     REFERRED TO DISTRICT ATTORNEY_____

### DESCRIPTION OF OFFENSE

ON THURSDAY, AUGUST 5, 2004, AT APPROXIMATELY 10:30 AM, UPON RETURNING TO MY OFFICE, I NOTICED NEW CLERK ▮▮▮▮▮ OPERATING THE PHOTOCOPIER. THE PHOTOCOPY DUTIES HAD BEEN ASSIGNED TO INMATES ▮▮▮▮▮ THAT MORNING. WHEN I ASKED INMATE ▮▮▮▮ WHAT HE WAS DOING, INMATE ▮▮▮▮ SAID "HE HAD A JAM AND I WAS HELPING HIM OUT." WHEN I EXAMINED THE PAPERS INMATE ▮▮▮▮ WAS AT THAT MOMENT COPYING, I REALIZED IT WAS SEVERAL PAGES OF POETRY. (SEE ATTACHED)

INMATE ▮▮▮▮ HAS WORKED FOR ME FOR SEVERAL YEARS AND IS WELL AWARE THAT HE IS NOT TO OPERATE THE LIBRARY COPIER UNLESS AUTHORIZED BY ME, AND THAT COPYING OF NON-LEGAL MATERIAL IS PROHIBITED.

HAS INMATE BEEN PLACED ON AWAITING ACTION STATUS?     SHIFT 8:30 PM - 4:30 PM

YES ✓ NO _____     DAYS OFF S/S

REPORTING STAFF PERSON'S SIGNATURE _____ WILLIAM D. MONGELLI

SHIFT COMMANDER'S SIGNATURE Capt. Wm Dennis 8/5 12N

DISCIPLINARY OFFICER'S SIGNATURE _____

FINDING AND SANCTION, IF ANY Gm 5 Dismiss 8
(transcribed from disciplinary hearing if major matter)

RTM 12 hrs x-duty, los of JOD

APPEAL RESULTS Appeal denied 11/24/04

REVIEWING AUTHORITY _____     DATE: 1/11/05

3

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF CORRECTION

### MCI NORFOLK
### INCIDENT REPORT

Incident Report # :158114        Incident Time : 16:19    Date: 03/22/2005    Place            Law Library
                                                                              Occurred:

Codes & Subject : INMATE RELATED            Suspicious Activity

Reported By      : Mongelli William D  Librarian        Department: Treatment              Reported Date: 03/22/2005

Description      : On Tuesday, March 22, 2005, at approximately 2:00PM, I noticed inmate ▉▉▉▉▉▉▉ stapling what
                   appeared to be a photocopy of a book catalogue. I asked inmate ▉▉▉ if he had the catalogue photocopied on
                   the law library copier, and inmate ▉▉▉ said yes. Upon inspection, I noticed that this catalogue was from
                   Eden Press and entitled "Privacy Catalogue." Looking through the catalogue I noticed titles such as
                   "Revenge," "Revenge Encyclopedia," "How To Find Anyone Anywhere," and "How To Get Anything On
                   Anybody." I reminded inmate ▉▉▉ that only legal documents are permitted to be copied on the law library
                   copier, and confiscated the original catalogue and the three (3) copies of the catalogue he had made. I took
                   the information to OIC Sgt. James Belair, who examined the information and recommended that I write this
                   Incident Report and submit the photocopied catalogues in a manila envelope as evidence. --- EOR

| Person Type | Commit No | Name | Housing Unit |
| --- | --- | --- | --- |
| Inmate | ▉▉▉▉▉ | ▉▉▉▉▉▉▉ | |

**Entered By:**    Mongelli William D  Librarian

**Supervisor :**    Hamm Michael H  CO III                                            **Date:**    03/22/2005
**Comments :**     items placed in evidence, D-report will be summitted on 200503

**Shift Commander:** Rego Andrew B                                                     **Date:**    03/22/2005
**Comments :**

4

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF CORRECTION

### MCI NORFOLK
### INCIDENT REPORT

**Incident Report # :** 172811        **Incident Time :** 11:21    **Date:** 05/17/2005    **Place Occurred:**        Law Library

**Codes & Subject :** INMATE RELATED            Suspicious

**Reported By**    : Mongelli William D  Librarian        **Department:** Treatment            **Reported Date:** 05/17/2005

**Description**        : On Tuesday, May 17, 2005, at approximately 9:00am, I was entering the user code into the photocopier to begin the 9-10:30 copy shift. I noticed inmates ⬛⬛⬛ and ⬛⬛⬛ having a loud conversation; all other inmates in the room (approximately 12) were quietly studying. I told inmates ⬛⬛ and ⬛⬛ to lower their voices, and they complied. Then an inmate who was standing opposite me across the copy counter asked me a question. As I was talking with this inmate, I noticed that inmates ⬛⬛ and ⬛⬛ were ignoring my earlier directive to speak quietly and had returned to their disruptive talking, to the point where I could no longer hear the inmate I was speaking with. I approached inmates ⬛⬛ and ⬛⬛, told them they were disrupting the law law library, and directed them to gather their things and leave. I reported this incident to OIC Clerk Daniel Mingola, who ensured that these inmates exited the OIC building. --EOR--

| Person Type | Commit No | Name | Housing Unit |
|---|---|---|---|
| Inmate | ⬛⬛⬛ | ⬛⬛⬛ | ⬛⬛ |
| Inmate | | | |
| Staff | | Mongelli William D | |

**Entered By:**    Mongelli William D  Librarian

**Supervisor :**                                        **Date:**

**Comments :**

**Shift Commander:**                                    **Date:**

**Comments :**

5

William R. Mitchell
P.O. Box 43
Norfolk, MA 02056


Department of Correction
David J. Rentsch, Counsel
70 Franklin Street, Suite 600          April 27, 2006
Boston, MA 02110-1300


Re: MITCHELL V. MONGELLI
    CIVIL ACTION NO. 04-11504-RCL


Dear attorney Rentsch:


        I am writing to you in regards to the "good faith"
letter that I sent you on April 24, 2006, pursuant to
Fed.R.Civ.P. 33(b)(3) & (5).

        I want to take this time to explain that I sent
you the letter prematurely and that you can disregard
the letter.  I apologize for any discomfort or
inconvenience that my letter might have caused you and
your client.

        Second, I received your client's answers to my
interrogatories and production of documents on April 26,
2006, thank you.

        There is one thing that I would like to point out
and that is pursuant to request No. 3 and No. 4, I made
a request for the production of any civil complaints
that might have been lodged against defendant Mongelli
and a request for the production of any books that
defendant Mongelli might have written.

        In defendant's answer he only informed me that he
was a defendant in a Suffolk County case and that he
did write a book.  But what should have happened as a
result of my request is, the production of the actual
complaint and any related documents, not just an answer,
and I should have received the actual book, not that he
wrote a book.  The defendant Mongelli already did that in
his answers to interrogatories at No. 3.  So at this time
I am respectfully requesting that defendant produce the
civil complaint and any judgments, appeals, or appellate
cases favorable or not favorable to defendant.  I am
respectfully requesting that defendant produce the book
in its entirety as a tangible thing pursuant to the
Fed.R.Civ.P..

David J. Rentsch
April 27, 2006
page Two


     Third, I want to clarify a clerical error in the
record.  I had the date of January 15, 2005, throughout
defendant Mongelli's interrogatories No. 4,5,7,8,9,10,
11,12,13,14.  This appears to be an error in the year,
instead of 2005, it is January 15, 2004.
(See Complaint ¶25).

     I apologize for any inconvenience or discomfort
that I might have caused because of my oversight and can
you please inform your client that I made the change
and that the date of January 15, 2005, will no longer
appear in any pleadings or documents hereafter this
letter, it will be January 15, 2004 perspectively.

     Thank you for your time in this matter.


                              Very truly yours,


                              William R. Mitchell


cc: file



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*Legal Division*
*70 Franklin Street, Suite 600*
*Boston, MA 02110-1300*
*(617) 727-3300 Ext. 124*
*www.mass.gov/doc*



Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Robert C. Haas
*Secretary*

Kathleen M. Dennehy
*Commissioner*

James R. Bender
*Deputy Commissioner*

Nancy Ankers White
*General Counsel*

May 5, 2006

William R. Mitchell (W51474)
MCI-Norfolk
P.O. Box 43
Norfolk, MA   02056

**RE:   Mitchell v. Mongelli**
**U.S.D.C. #04-cv-11504-RCL**

Dear Mr. Mitchell:

This is in reply to your letter of April 27, 2006. In your request for production of documents, you asked for "complaints and lawsuits" against Mr. Mongelli within the last five years. I referred you to the Puleio case and gave you the docket number (SUCV1997-01454). Judging from the docket number, the Puleio case was filed in 1997, and so it does not meet the specific criteria of your request. However, I informed you that if you wanted to obtain a copy of the complaint in that case, you could get it from the clerk of the Suffolk Superior Court. Nothing more is required of the defendant.

I also informed you how to obtain Mr. Mongelli's book. You will have to purchase it from the publisher. You cannot reasonably expect Mr. Mongelli to give you a free copy of his book when it is available for purchase.

I trust that this addresses your concerns.

Sincerely,

David J. Rentsch
Counsel