UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM R. MITCHELL,                          No. 04-cv-11504-RCL

    Plaintiff,

    v.

WILLIAM D. MONGELLI,

    Defendant.

<u>MEMORANDUM IN OPPOSITION TO THE
PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OR DISCOVERY</u>

For the reasons contained herein, the defendant opposes the plaintiff's motion to compel disclosure or discovery (P#30).

<u>INTRODUCTION</u>

The plaintiff, William Mitchell, is a prisoner in the custody of the Massachusetts Department of Correction, serving a life sentence for second-degree murder. *See* <u>Commonwealth v. Mitchell</u>, 646 N.E.2d 1073 (Mass. App.), <u>rev.</u> <u>denied</u>, 648 N.E.2d 1285 (Mass. 1995). Mitchell is confined at the Massachusetts Correctional Institution, Norfolk, where the defendant, William Mongelli, is the prison librarian.

Mitchell filed this civil rights action pursuant to 42 U.S.C. § 1983. He claimed that Mongelli violated his constitutional rights to free speech and association, under the First Amendment, and impaired his right of access to the courts, under the Fourteenth Amendment. Mitchell further claimed that Mongelli retaliated against him for exercising these rights.

Per the Memorandum and Order dated March 6, 2006, this Court

2

granted judgment on the pleadings to the defendant on two of the three claims. This Court dismissed the plaintiff's access to court and free speech/association claims. The plaintiff was allowed to proceed with his retaliation claim.

The parties are now engaged in pretrial discovery. The plaintiff served the defendant with a request for production of documents, and the defendant responded on April 24, 2006.[1] The plaintiff was not satisfied with the response, and he has moved to compel the defendant to produce two documents: (1) a civil complaint filed against Mongelli by another prisoner, Joseph Puleio, in the case of <u>Puleio v. Commissioner of Correction, et al.</u>, Suffolk (Mass.) Superior Court, Docket No. SUCV1997-01454, and (2) a book written by Mongelli entitled, "CONSENTRATING ON THE LAW: A Program Of Self-Directed Legal Research For Prison Course Givers," published by F&W Associates and available for purchase through LMC Source, 358 South 700 East #B305, Salt Lake City, UT 84102.

ARGUMENT

With respect to the <u>Puleio</u> case, the plaintiff requested "complaints and lawsuits" against Mr. Mongelli within the last five years. The <u>Puleio</u> case, Docket No. SUCV1997-01454, was filed in 1997. Since the complaint in that case was filed more than five years ago, it did not meet the criteria specified in the plaintiff's request for production.

---

[1] The relevant discovery materials were attached to and filed with the

3

Furthermore, both items sought by the plaintiff are available to him from other sources. The plaintiff may obtain the pleadings in the Puleio case from the clerk of the Suffolk Superior Court, and he may purchase Mongelli's book from the publisher. "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." S.E.C. v. Sloan & Co., 369 F. Supp. 994, 995 (S.D.N.Y 1973). Moreover, it would be unfair to compel Mongelli to provide the plaintiff with a free copy of his book when it is available for purchase. A litigant should not be entitled to obtain a free copy of a book simply by suing its author. To permit this would place an undue burden on the author by depriving him of the fair royalties from the sale of his book to the public.

"(P)arties are generally responsible for their own costs, and their adversaries are not obligated to finance their litigation." Baum v. Village of Chittenango, 218 F.R.D. 36, 40-41 (N.D.N.Y. 2003). The court has discretionary power to equitably alter the cost burden and order production under appropriate circumstances. Id. at 41. In Baum, the plaintiff filed a motion to compel disclosure of an administrative hearing transcript, suggesting that she was "financially strapped" and thus unable to obtain the transcript on her own. Id. The defendant responded that it was not required to subsidize the plaintiff's litigation and that the transcript was equally available to both parties. Id. at 38. The

---

plaintiff's motion to compel.

4

court held that because the plaintiff did not offer any details about her assets or expenses related to obtaining the transcript, the court could not evaluate whether to exercise its discretionary powers. Id. at 41. In addition, the court found that if it did grant the plaintiff's motion to compel, the taxpayers would ultimately have to bear the expense as the defendants are a public entity. Id. Therefore, the court denied the plaintiff's motion to compel discovery. The same reasoning applies here.

## CONCLUSION

The plaintiff's motion to compel (P#30) should be denied.

                                Respectfully submitted,

                                NANCY ANKERS WHITE
                                Special Assistant Attorney General


Date: June 2, 2006              __/s/ DAVID J. RENTSCH_____
                                David J. Rentsch, Counsel
                                Legal Division
                                Department of Correction
                                70 Franklin Street, Suite 600
                                Boston, MA  02110-1300
                                (617) 727-3300, ext. 142
                                BBO #544926
                                djrentsch@doc.state.ma.us


## CERTIFICATE OF SERVICE

   I, David J. Rentsch, certify that on this day I caused a copy of this paper to be mailed to the plaintiff, William R. Mitchell, pro se by first class mail, postage pre-paid, at MCI-Norfolk, P.O. Box 43, Norfolk, MA 02056.

Date: June 2, 2006              __/s/ DAVID J. RENTSCH_____