UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
WILLIAM R. MITCHELL,    )
     Plaintiff,         )
                        )
                        )
     -v-                )       CIVIL ACTION
                        )       NO. 04-11504-RCL
                        )
WILLIAM D. MONGELLI,    )
     Defendant.         )
                        )
```

FILED
IN CLERKS OFFICE

2006 JUN -9  P 1:41

U.S. DISTRICT COURT
DISTRICT OF MASS.

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION

NOW COMES Plaintiff William R. Mitchell in the above-entitled matter, and he does hereby respectfully submits his reply to Defendant's Opposition to motion to compel discoveries. In support hereof, Plaintiff states the following.

### PRIOR PROCEEDINGS

Plaintiff adopts here the prior proceedings of the present case as outlined in Defendant's Opposition at pages One through Two, except for the following facts.

### STATEMENT OF THE FACTS

Again, Plaintiff fully incorporates here by reference the following facts. On July 2, 2004, Plaintiff a Complaint against Defendant for civil rights violations. (See paper No. 3). On September 29, 2004, Plaintiff filed an Amended Complaint. (See paper No. 7).

On July 6, 2005, Defendant filed a motion for judgment on the pleadings. (See paper No. 16). On August 10, 2005, Plaintiff filed an opposition. (See paper No. 21). On March 6, 2006, the Court (Lindsay, DJ.) filed an Order granting in part and denying in part Defendant's motion for judgment on the pleadings. (See paper No. 22).

Defendant argues in his opposition at pages 1-2, that the Court (Lindsay, DJ.) order dated March 6, 2006, granted judgment on the pleadings to the defendant on two of the three claims. THis Court dismissed the plaintiff's access to court and free speech/association claims. The plaintiff was allowed to proceed with his retaliation claim. Id. at page 2.

Plaintiff argues that these facts are in dispute because in his Amended Complaint at pages 18-22, he brought ten COUNTS of civil rights violations, not three. (See Amended Comp. at 18-22, COUNTS I-X). Plaintiff raised two COUNTS of Free Speech in violation of the First Amendment. (See COUNTS I-II, at pages 18-19). Plaintiff raised two COUNTS of right to association in violation of the First Amendment. (See COUNTS III-IV, at page 19). Plaintiff raised one COUNT of prior restraints in violation of the First Amendment. (See COUNT V, at page 20). Plaintiff raised one COUNT of retaliation in violation

of the First Amendment. (See COUNT VI, at page 20). Plaintiff raised two COUNTS of access to the court in violation of the 14th Amendment. (See COUNTS VII-VIII, at page 21). Plaintiff raised one COUNT of harassment in violation of the First Amendment. (See COUNT IX, at page 22), and one COUNT of civil rights violations pursuant to 42 U.S.C. §1983. (See COUNT X, at page 22).

In Defendant's motion for judgment on the pleadings, he only argued three of the ten claims raised in Plaintiff's Amended Complaint. (See Deft's Motion at pages 1-12). Defendant opposed Plaintiff's two COUNTS of access to the courts. (Deft's Motion at pages 6-8). Defendant opposed Plaintiff's two COUNTS of freedom of speech and two COUNTS of right to association. (Deft's Motion at pages 8-9). But Defendant only opposes, in different terms, Plaintiff's one COUNT of harassment. (Deft's Motion at pages 9-10). Defendant further argued a claim or COUNT that Plaintiff never raised in any complaint or pleading. Defendant argued that Plaintiff does not have a procedural or substantive due process claim. (Deft's Motion at pages 10-12).

In Plaintiff's opposition to Defendant's motion for judgment on the pleadings he pointed this error out. (Pl. Opp. at page 7,9,12)(Argument I(c), at 21).

In argument I(c), Plaintiff argued that his arguments and COUNTS were related to the First Amendment, not the 8th Amendment. (Pl. Opp. at 21-26). These COUNTS were for harassment for exercising Plaintiff's First Amendment rights to free speech/association and access to the courts, not cruel and unusual punishment. (Pl. Opp. at 21). In argument (d), Plaintiff argued that Defendant retaliated against him for exercising his rights to free speech/association and access to the courts. (Pl. Opp. at 26,27,30). This COUNT was for the Defendant's attempt to have Plaintiff either lugged to higher security or to have a ticket written. (Pl. Opp. at 28-30).

Plaintiff did not argue against the claim of access to the court.

In argument (e), Plaintiff incorporated his one COUNT of prior restraints or chilling effect. (Pl. Opp. at 30-32). This COUNT was for Defendant's attempt to have Plaintiff disciplined by the building officer. (Pl. Opp. at 30-31). By Defendant's actions, it caused a chilling effect, which would preclude an ordinary person from exercising certain rights or he/she would most likely be punished. (Pl. Opp. at 31).

In the Court's (Lindsay, DJ.) memorandum and Order dated March 6, 2006, he granted in part and denied in part, Defendant's motion for judgment on the pleadings. (See paper No. 22).

In the Court memorandum at pages 4-5, he denied Plaintiff access to the court claim or COUNTS VII-VIII, at page 21. The Court in essence, dismissed these two claims. On pages 5-6, of the Court's memorandum, he denied Plaintiff's freedom of speech and association claim or COUNTS I-II, at pages 18-19. The Court in essence, dismissed these two claims. On pages 6-7, of the Court's memorandum, he allowed Plaintiff's retaliation claim or COUNT VI, at page 20. The Court in essence, allowed this claim to go forward. But nowhere in the Court's memorandum and order does the court address Plaintiff's harassment claim or COUNT IX, at page 22, or Plaintiff's prior restraints claim or COUNT V, at page 20.

Plaintiff argues and objects that there are two other COUNTS left to decide and they were either not properly addressed in Defendant's motion for judgment on the pleadings or in the Court's memorandum and order. Therefore, Defendant is incorrect when he argued that the Court dismissed two claims out of three, and that the retaliation claim is the only claim moving forward.

Plaintiff wanted to point this out that there are at least, two other claims hanging in the balance.

Respectfully submitted
by the Plaintiff,

*[signature: William R. Mitchell]*
William R. Mitchell, pro-se
P.O. Box 43
Norfolk, MA 02056

Dated: June 6, 2006

### CERTIFICATE OF SERVICE

I, William R. Mitchell certifies that he has sent Defendant's attorney David J. Rentsch, Department of Correction, 70 Franklin Street, Suite 600, Boston, MA 02110-1300, one true and accurate copy of the documents herein, on this 6 day of June, 2006, by first class mail, postage prepaid.

*[signature: William R. Mitchell]*
William R. Mitchell