UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM R. MITCHELL,<br>    Plaintiff,<br><br>-v-<br><br>WILLIAM D. MONGELLI,<br>    Defendant. | CIVIL ACTION<br>NO. 04-11504-RCL |

PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
PURSUANT TO FED.R.CIV.P. 26(c)(2)

NOW COMES Plaintiff William R. Mitchell in the above-entitled matter, and he does hereby respectfully move this Honorable Court pursuant to Fed.R.Civ.P. 26(c)(2), for a protective order to enjoin Defendant from utilizing Plaintiff's deposition at trial.

The grounds for this motion are stated as follows.

1. On March 8, 2006, Defendant's attorney sent Plaintiff a letter stating that he was going to file a motion for leave to take Plaintiff's deposition.

2. On March 11, 2006, Plaintiff sent Defendant's attorney a response stating that he was objecting to the taking of his deposition.

3. On March 23, 2006, Defendant filed his motion for leave to take Plaintiff's deposition.

4.  On April 4, 2006, Plaintiff filed an opposition to Defendant's motion for leave to take his deposition and a protective order pursuant to Fed.R.Civ.P. 26(c) and (3). On April 13, 2006, Defendant filed an opposition to Plaintiff's motion for protective order.

5.  On April 20, 2006, Plaintiff filed a motion for leave to file a reply.

6.  On May 30, 2006, the Court (Lindsay, DJ.) granted Defendant's motion for leave to take Plaintiff's deposition.

7.  On June 2, 2006, Defendant filed a motion for extension of time to complete discovery because the "shut-off" date for discoveries was June 2, 2006, per order of this Court on joint pre-trial scheduling orders. Defendant requested an extension up to and including, June 30, 2006. Defendant's motion was allowed 4 days before the end of discovery deadlines.

8.  On June 7, 2006, Plaintiff sent Defendant a first request for admissions in the anticipation that this Court will allow Defendant's motion for extension of time to take Plaintiff's deposition.

9.  On June 15, 2006, Defendant sent Plaintiff notice of deposition but he did not receive this notice until June 17, 2006, Saturday. (See enclosed).

10. Plaintiff objects and moves for a protective order because Defendant only gave him 3 day notice, nearly not enough time to assemble all pertinent records and materials for the taking of his deposition. See Fed.R.Civ.P. 32(a)(3).

11. Plaintiff argues that 3 days is not reasonable notice pursuant to Fed.R.Civ.P. 30(b)(1), states that a party must give reasonable notice. See Howard v. Everex Systems, Inc., 228 F.3d 1057, 1067 (9th Cir. 2000); United States v. Philp Morris, Inc., 312 F.Supp.2d 27 (D.D.C. 2004)( 3 days notice for busy professional is not reasonable). See also In re Stratosphere Corp. Securities Litigation, 183 F.R.D. 684, 687 (D.Nev. 1999)(six days notice not reasonable).

12. Plaintiff further moves this Honorable Court for a protective order to enjoin Defendant from utilizing his transcribed deposition at any trial, if one is ordered because he was unable to obtain an attorney to represent him at his deposition, due to Plaintiff's indigent status and short notice. Although Plaintiff just realized that he needed an attorney at the deposition, it still should NOT interfere with the decision to enjoin Defendant from submitting the transcript in Court or at trial. Likewise, Plaintiff's deposition cannot be used against him because he received notice less than 11 days and Plaintiff filed

this motion for a protective order which will be pending during the time Plaintiff's deposition is to be taken. See <u>In re KZK Livestock, Inc.</u>, 221 B.R. 471, 475 (Bkrtcy.C.D.Ill. 1998)(allowing the use of a deposition transcript that did not meet the requirements for use at trial, but did meet the requirements for an affidavit). See also Fed.R.Civ.P. 56(c).

WHEREFORE, Plaintiff prays that this Honorable Court <u>ALLOW</u> his Motion For Protective Order Pursuant To Fed.R. Civ.P. 26(c)(2).

Respectfully submitted
by the Plaintiff,

William R. Mitchell, pro-se
P.O. Box 43
Norfolk, MA 02056

Dated: June 20, 2006

## CERTIFICATE OF SERVICE

I, William R. Mitchell certifies that he has served upon the Defendant's attorney, David J. Rentsch, 70 Franklin Street, Suite 600, Boston, Massachusetts 02110-1300, one true and accurate copy of the aforemention documents, on this 20 day of June, 2006, by first class mail, postage prepaid.

William R. Mitchell

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM R. MITCHELL,  No. 04-cv-11504-RCL
    Plaintiff,

v.

WILLIAM D. MONGELLI,
    Defendant.

## NOTICE OF DEPOSITION

**TO:  William R. Mitchell**
**MCI-Norfolk, P.O. Box 43, Norfolk, MA  02056**

Please take notice that at 10:00 a.m. on Wednesday, June 21, 2006, the defendant, by his attorney, will take the deposition upon oral examination of the plaintiff, William R. Mitchell, pursuant to Rule 30 of the Federal Rules of Civil Procedure. The deposition will take place at MCI-Norfolk in Norfolk, Massachusetts, and will be conducted before a Notary Public in and for the Commonwealth of Massachusetts or some other person authorized to administer oaths. Oral examination will continue from day to day until completed.

    Your attendance is required.

                        WILLIAM D. MONGELLI

                        By his attorney,

                        NANCY ANKERS WHITE
                        Special Assistant Attorney General

Date: June 15, 2006     _/s/ David J. Rentsch_
                        David J. Rentsch, Counsel
                        Legal Division
                        Department of Correction
                        70 Franklin Street, Suite 600
                        Boston, MA  02110-1300
                        (617) 727-3300, ext. 142
                        BBO #544926