UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM R. MITCHELL,　)
　　　Plaintiff,　　　　)
　　　　　　　　　　　　)
-v-　　　　　　　　　　)　　CIVIL ACTION
　　　　　　　　　　　　)　　NO. 04-11504-RCL
　　　　　　　　　　　　)
WILLIAM D. MONGELLI,　 )
　　　Defendant.　　　　)

FILED
IN CLERKS OFFICE

2006 JUL -7  P 3: 06

U.S. DISTRICT COURT
DISTRICT OF MASS.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION

NOW COMES Plaintiff William R. Mitchell in the above-entitled matter, and he does hereby respectfully submits his reply to Defendant's Opposition to motion for a protective order. In support hereof, Plaintiff states the following:

1. On March 23, 2006, Defendant filed a motion for leave to take Plaintiff's deposition.

2. On April 4, 2006, Plaintiff filed an opposition to Defendant's motion for leave to take his deposition and a protective order pursuant to Fed.R.Civ.P. 26(c) and (3). On April 13, 2006, Defendant filed an opposition to Plaintiff's motion for protective order. On April 20, 2006, Plaintiff filed a motion for leave to file a rely.

3. On May 30, 2006, the Court (Lindsay, DJ.) granted Defendant's motion for leave to take Plaintiff's deposition.

4. On June 15, 2006, Defendant sent Plaintiff notice of deposition but he did not receive it until June 17, 2006, Saturday.

5. On June 20, 2006, Plaintiff filed a motion for a protective order because Defendant only gave Plaintiff 3 days notice, which Plaintiff objected to in writing.

6. On June 29, 2006, 8 days after Plaintiff's deposition was taken, Defendant filed an opposition to Plaintiff's motion for protective order arguing that Plaintiff did not object or voice any concern about the adequacy of notice, (Deft's Opp. at 1), and that Plaintiff fails to state a legitimate basis for his request for protective order. (Deft's Opp. at 1).

7. Plaintiff argues that he did object, in writing, as required by Fed.R.Civ.P. 32(d)(1), which states in pertinent part,

> All errors and irregularities in the notice for for taking a deposition are waived unless written objection is promptly served upon the party giving the notice.

(Pl. Mo. Pro. at ¶10).

8. There is nothing in these rules that requires a Plaintiff to object specifically at the time the deposition is taken, only that objections will be made at the time of the taking of a deposition for the competency of a witness or to the competency, relevancy,

or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time. See Fed.R.Civ.P. 32(d)(3)(A). Nothing in the rules states that an objection has to be made at the time of a deposition as to errors and irregularities in the notice.

9. Furthermore, Fed.R.Civ.P. 32(d)(3)(B), states in pertinent part that:

> Error and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties, and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition.

See also Fed.R.Civ.P. 32(d)(3)(C) and (C)(4).

10. Again, Plaintiff argues that there are no clauses in these rules that requires a Plaintiff to object at the time of deposition, but the rules do state that an objection has to be made in writing. Plaintiff served his objections and motion for protective order as soon as he could, considering he had only 3 days prior to the taking of his deposition. See Oates v. S.J. Groves & Sons Co., 248 F.2d 388 (6th Cir. 1957); Bobrosky v. Vickers, 170 F.R.D. 411, 415 (W.D.Va. 1997).

11. Plaintiff argues that his written objections were all he was required to do under the rules of court, and therefore, any argument made by Defendant to the contrary is misstated. (Pl. Mo. Pro. at ¶¶11-12).

12. Plaintiff further argues that he did provide the Court with a legitimate basis for his motion for a protective order. (Pl. Mo. Pro. at ¶¶11-12). In fact, Plaintiff cites case law on point that 3 day notice for busy professional is not reasonable, and 6 days notice not reasonable. (Pl. Mo. Pro. ¶11).

13. Plaintiff further argues that his deposition cannot be used against him because he received notice less than 11 days days and that he did not have any attorney at the deposition. See Fed.R.Civ.P. 32(a)(3)(E). Plaintiff argues that the rules speak for themselves.

CONCLUSION

Based on the foregoing arguments, and the reasons stated herein, Plaintiff respectfully suggests that this Honorable Court <u>ALLOW</u> his Motion For Protective Order.

CERTIFICATE OF SERVICE

I, William R. Mitchell certifies that he has served upon Defendant's attorney, David J. Tentsch, Department of Correction, 70 Franklin Street, Suite 600, Boston, Massachusetts 02110-1300, one true and accurate copy of the above named documents, on this /8 day of July, 2006, by first class mail, postage prepaid.

*[signature]*
William R. Mitchell